IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:06-cr-00227-MR-DLH-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEVEN ANDRE HEMPHILL, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Defendant's motion requesting a letter of recommendation to the Bureau of Prisons (BOP) for a one-year sentence reduction based on the Defendant's participation in a 500-hour Residential Drug Abuse Program [Doc. 89].

The Defendant complains that the BOP has wrongfully denied him a one-year sentence reduction under 18 U.S.C. § 3621(e) based on past violent conduct unrelated to his crime of conviction. He therefore requests that the Court send the BOP a letter recommending that the Defendant be granted a sentence reduction.

In the Judgment, the Court made the following recommendation to the Bureau of Prisons:

> The court calls to the attention of the custodial authorities that the defendant has a history of substance abuse and recommends the defendant be allowed to participate in any available substance abuse treatment programs while incarcerated and *if eligible receive benefit of 18:3621(e)(2)*.

[Doc. 32 at 2 (emphasis added)].[1]  Because the Court has already recommended that the Defendant receive the benefit of § 3621(e)(2), the Court will allow the Defendant's motion and reiterate its recommendation as stated in the Judgment.

While it is the recommendation of the Court that the Defendant receive the requested sentence reduction, it is ultimately the BOP which determines the Defendant's eligibility to receive the benefit of § 3621(e). See 18 U.S.C. § 3621(e); Brown v. Zickefoose, No. 2:07-cr-00148, 2009 WL 2580391, at *2 (S.D. W. Va. Aug. 17, 2009) ("It is the Bureau of Prisons, not the sentencing court, which determines whether an inmate is entitled to a sentence reduction."). The language of § 3621(e) "is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program." Wood v. Ziegler, 2012 WL 5497910, at *5 (S.D. W.Va. 2012) (emphasis

---

[1] The Defendant was sentenced by the Honorable Lacy H. Thornburg. Upon Judge Thornburg's retirement, this case was reassigned to the undersigned.

2

added). Moreover, the Supreme Court has held that the BOP may categorically exclude prisoners based on their violent pre-conviction conduct. Lopez v. Davis, 531 U.S. 230, 244 (2001).

**IT IS, THEREFORE, ORDERED** that Defendant's motion [Doc. 89] is **GRANTED** to the extent that the Court reiterates its prior recommendation in this Order.

The Clerk of Court is respectfully directed to provide a copy of this Order to the Bureau of Prisons at the following address:

> Designation Sentence Computation Center
> c/o Legal Staff
> Grand Prairie Office Complex
> U.S. Armed Forces Reserve Complex
> 346 Marine Force Drive
> Grand Prairie, Texas 75051

**IT IS SO ORDERED.**    Signed: December 3, 2013

Martin Reidinger
United States District Judge